**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELDER GOMEZ-LOPEZ, | No. 16-73395 |
| Petitioner, | Agency No. A087-455-416 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Elder Gomez-Lopez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Gomez-Lopez's request for
oral argument, set forth in his opening brief, is denied.

governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

The agency did not err in finding that Gomez-Lopez did not establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (holding young Guatemalan men who resist gang recruitment is not a particular social group).  To the extent Gomez-Lopez raises a new proposed social group based on characteristics that he did not raise before the agency, we lack jurisdiction to consider it.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).  Further, substantial evidence supports the agency's determination that

2

Gomez-Lopez otherwise failed to establish the harm he fears would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Gomez-Lopez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Gomez-Lopez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**